SEE, Justice
(concurring specially).
I concur in the main opinion’s holding that Act No. 2002-417 cannot be applied retroactively to the father in this case because his rights had vested before the passage of the Act. I also concur with the main opinion’s holding that the father did not abandon his child before or after the child’s birth; therefore, he had not impliedly consented to the adoption of the child. However, I concur specially because the main opinion “adopt[s] the above-quoted portion of Presiding Judge Yates’s dissent as this Court’s opinion, except insofar as her dissent would recognize the possibility of prebirth abandonment before § 26-10A-9, Ala.Code 1975, was amended to provide specifically for prebirth abandonment.” 857 So.2d at 135-36. I agree with *139 Judge Yates that — -prior to the amendment of the statute — a parent could both impliedly consent to a child’s adoption before that child’s birth and impliedly withdraw that implied prebirth consent to the adoption. Id. Therefore, I agree with Judge Yate’s statement in her dissenting opinion that “there may be instances in which a parent’s actions prior to the birth of the child may be considered as evidence of his or her consent to an adoption; however, in this case, the father’s conduct beginning immediately after the child’s birth overwhelmingly negates any finding of an intent to abandon the child or to give implied consent to the adoption.” F.P. v. J.K.M., 857 So.2d 110, 121 (Ala.Civ.App.2001) (Yates, P.J., dissenting).
The Legislature amended portions of the Adoption Code, including § 26-10A-9, effective April 17, 2002, to provide that implied consent “may not be withdrawn by any person.” Act No. 2002-417, Ala. Acts 2002. Thus, I note that the part of my special concurrence in Ex parte C.V., 810 So.2d 700, 703 (Ala.2001), stating that implied consent may be withdrawn has been overruled by legislative amendment.